IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

YOUNES KABBAJ, :
:
        Plaintiff, :
:
v. : Civil Action No. 14-1001-RGA
:
MARK S. SIMPSON, :
et al., :
:
        Defendants. :

Younes Kabbaj, *Pro Se* Plaintiff.

Randolph Karl Herndon, Jr., Esquire, McDermott Will & Emery LLP, Washington, D.C.; Counsel for Defendants Mark S. Simpson and Brian K. Albro.

**MEMORANDUM OPINION**

March 4, 2015
Wilmington, Delaware

*signature* 
**ANDREWS, U.S. District Judge:**

Plaintiff Younes Kabbaj filed this action in the United States District Court for the Eastern District of New York ("EDNY"), pursuant to 28 U.S.C. § 1332, alleging diversity of citizenship and damages in excess of $75,000. (D.I. 1, ¶8). He appears *pro se* and was granted leave to proceed *in forma pauperis*. (D.I. 56). Named as defendants were Mark S. Simpson, Brian K. Albro, and ten John Does. EDNY promptly transferred the case to this Court. (D.I. 16). Plaintiff has since moved to amend the complaint, accompanied by a proposed amended complaint. (D.I. 36 & 38). The proposed amended complaint adds New York City detectives and prosecutors as defendants. There was another motion to amend the complaint, with a proposed amended complaint with the same defendants. (D.I. 40 & 40-1). There was another motion to amend the complaint, without a proposed amended complaint, but intending to continue with the same defendants and some extra John Doe defendants. (D.I. 52 at 3, ¶ 07). There was a later First Amended Complaint, docketed as "Third Motion for Leave to File Amended Complaint" (D.I. 66). Plaintiff also filed a "Motion to Substitute Amended Complaint" (D.I. 67), but it does not appear to correspond to any filed proposed amended complaint. Before the Court are Defendants' motions to dismiss (D.I. 30, 42), as well as various other motions. (D.I. 32, 44, 57, 68, 70, 72). Kabbaj too has filed numerous motions. (D.I. 22, 36, 40, 41, 51, 52, 62, 63, 65, 66, 67).

Kabbaj is a former employee of the American School of Tangier. He has filed numerous lawsuits.[1] In the first action, C.A. No. 10-431-RGA, he named as defendants

---

[1] *See* C.A. Nos. 10-431-RGA, 12-1322-RGA-MPT, 13-1522-RGA, 14-780-RGA, 14-982-RGA, 14-1484-RGA.

the American School of Tangier; its Board of Trustees; Stephen Eastman, Chairman of the Board of Trustees; Edward Gabriel; and Mark Simpson. (C.A. No. 10-431-RGA, D.I. 12). The parties (excepting Mr. Simpson, who does not appear to have been served, and did not respond to the complaint) entered into a confidential settlement agreement, followed by a joint motion to dismiss with prejudice and consent order, granted by the Court on April 24, 2012. (See C.A. No. 10-431-RGA, D.I. 52, 53, 54). The dismissal order provided that the Court would retain jurisdiction of the matter following dismissal for the purpose of enforcing the parties' written settlement agreement and to resolve disputes regarding that settlement agreement. (C.A. No. 10-431-RGA, D.I. 54 at 3). The dismissal order restrained and prohibited Kabbaj from having any contact with about forty-five (45) named persons and entities (i.e., the "Releasees") and many more individuals and entities not identified by name. The dismissal order further provided that, unless "prior written permission of a judge of this Court" was obtained, Kabbaj could not bring a civil action against any of the Releasees "with respect to any matter not released by the Parties' settlement agreement" and with respect to "any claim that any Party has breached the settlement agreement." (C.A. No. 10-431-RGA, D.I. 54 at 2). The Releasees include Mark Simpson. (Id. at 1-2).

Kabbaj filed the instant complaint in the EDNY without receiving written permission to do so from this Court. The EDNY transferred the matter to this Court, finding that Kabbaj's claims had no connection to the EDNY. (D.I. 16). In doing so, the EDNY Court referred to this Court's April 24, 2012 order that restrains and prohibits Kabbaj from having any contact with defendants, and found that the EDNY was not the appropriate forum in which to file the action. (Id.).

3

In the instant complaint, Kabbaj alleges conspiracy, defamation, breach of contract, tortious interference with contract, negligence, negligent infliction of emotional distress, intentional infliction of emotional distress, malicious prosecution, and false imprisonment. (D.I. 1, ¶¶ 77-94). Kabbaj made similar allegations in *Kabbaj v. American School of Tangier*, C.A. No. 14-982-RGA at D.I. 1. Kabbaj alleges that Simpson, Albro, and John Does 1-10 established numerous internet accounts, websites, blogs, emails, social networking profiles, paperback and digital books, defaming and threatening Kabbaj, all of which were in violation of the 2012 settlement agreement. (D.I. 1, ¶ 25).

Subsequent amended complaints do not substantially change Plaintiff's legal theories (*see, e.g.,* D.I. 66, ¶¶ 72-86) but do add numerous defendants and a civil rights charge.

Simpson and Albro move to dismiss the complaint for Kabbaj's failure to comply with the April 24, 2012 order and various other grounds.[2] (D.I. 30, 42). In addition, they seek to hold Kabbaj in contempt. (D.I. 44). They seek an order quashing nine subpoenas Kabbaj may have served. (D.I. 57). They seek an order relieving them from having to respond to further filings made by Kabbaj unless specifically directed to do so by the Court. (D.I. 70).

Simpson was named as a Releasee in the settlement of C.A. No. 10-431-RGA. According to the Court's April 24, 2012 order:

> [Kabbaj] may not bring a civil action against any of the "Releasees" [ ] in any court of law in the United States, with respect to any matter not

---

[2] The other grounds include that the complaint violates Federal Rule of Civil Procedure 8, does not contain sufficient allegations of personal and subject matter jurisdiction, and does not state a claim upon which relief can be granted.

4

released by the Parties' settlement agreement, including but not limited to
any claim that any party has breached the settlement agreement, without
the prior written permission of a judge of this court. Also, at least four (4)
business days before seeking the permission of the Court to initiate such a
civil action, [Kabbaj] must first provide written notice of such intention to
the Defendants' counsel, Larry R. Seegull, Esq., via both electronic mail to
"larry.seegull@jacksonlewis.com" and written letter to Larry R. Seegull,
Esq., Jackson Lewis LLP, 2800 Quarry Lake Drive, Suite 200, Baltimore,
Maryland 21209, 410-415-2004.

(C.A. No. 10-431-RGA, D.I. 54, at 2-3).

Kabbaj has represented in other filings that Albro is Simpson's husband.[3] Under the terms of the settlement agreement and the April 24, 2012 order, Releasees include family members of the named Releasees, and Kabbaj is required to obtain permission from this Court before instituting any new action against them. John Does 1-10 are identified by internet protocol addresses (D.I. 1, ¶¶ 5 & 6), and later John Does are identified by internet protocol address, as owners, operators and/or administrators of blogs, and as owners, operators, and/or administrators of email addresses. The John Doe defendants may or may not be Releasees.[4]

There is nothing on the court docket that indicates Kabbaj provided a copy of the instant complaint to Seegull. Nor did Kabbaj seek leave to file a complaint against the named Releasee Simpson. Kabbaj agreed in the executed settlement documents to follow a certain procedure regarding any further civil action against any Releasee, yet he failed to do so. As is evidenced by his numerous court filings, Kabbaj is well aware

---

[3] See Kabbaj v. Google, Inc., 2014 WL 1369864, at *6 n.4 (D. Del. Apr. 7, 2014). In the instant action, Kabbaj alleges that Albro resides at the same address as Simpson (D.I. 1, ¶¶ 3 & 4) and later states that they are "acting as 'one' family unit." (D.I. 1, ¶ 9).

[4] The Court is unable to determine whether any of the John Does are Releasees under the settlement agreement. The John Doe defendants who are identified by IP addresses are represented as being in New York City or Paris, France. (D.I. 1, ¶ 5 & 6).

5

of the procedures by which he is required to abide. Yet he chose not to follow the procedures to which he agreed. Thus, the motions to dismiss (D.I. 30, 42) will be granted[5] and the complaint will be dismissed for failure to follow the procedure to which Kabbaj agreed.[6] *See Kabbaj v. Google Inc.*, No. 14-2663 (3rd Cir. Feb. 10, 2015) (affirming dismissal on this basis in an appeal from C.A. No. 13-1522-RGA).

The allegations in the complaint are directed towards Simpson and Albro.[7] The John Doe defendants were added for "acting in concert with each other to harm Plaintiff." (D.I. 1, ¶ 11). As recently held by the United States Court of Appeals for the Eleventh Circuit, the John Doe defendants were allegedly agents to Simpson's principal, and Kabbaj was therefore required to obtain permission before filing this action. *See Kabbaj v. Doe*, 2015 WL 106656, at *3 (11th Cir. Jan. 8, 2015). Thus, the settlement agreement does not permit the suit against the John Does.

The Court notes that Kabbaj, after following the appropriate procedure and in compliance with the April 24, 2012 order, was recently given permission to file a complaint, somewhat similar to the complaint herein, against Simpson, Albro, and John Doe defendants. (*See* C.A. No. 10-431-RGA at D.I. 70, 87).

---

[5] Nothing in any of the proposed amended complaints changes this analysis.

[6] On October 18, 2012, Kabbaj filed a motion for leave to file a lawsuit against Releasee Mark S. Simpson in C.A. No. 10-431-RGA at D.I. 55, which he originally filed in the United States District Court for the Southern District of New York. This Court ultimately granted Kabbaj leave to file a lawsuit against Simpson. The New York case was transferred to this Court and assigned C.A. No. 12-1322-RGA-MPT. As noted (n.5, *supra*), the matter was subsequently dismissed for lack of personal jurisdiction. On January 2, 2014, Kabbaj filed another motion to file a lawsuit against Simpson. (C.A. No. 10-431-RGA at D.I. 65). Kabbaj did not provide a proposed complaint for the Court to review to determine the adequacy of the pleading and proposed action, and the motion was denied. (*Id.* at D.I. 87). Next, on March 21, 2014, Kabbaj filed a motion to file a complaint against Simpson and Albro. (*Id.* at D.I. 70). On January 5, 2015, the Court granted the motion to file a new complaint as to Simpson and Albro. (*Id.* at D.I. 87).

[7] Simpson and Albro are named as defendants in other cases filed by Kabbaj. *See* C.A. Nos. 10-431-RGA (Simpson), 12-1322-RGA-MPT (Simpson), 14-780-RGA (both), 14-982-RGA (both).

The Court will grant Defendants' motions to dismiss. (D.I. 30, 42). The Court will dismiss the complaint and all proposed amended complaints as the original complaint was filed in contravention of the April 24, 2012 order and the settlement agreement entered into by Kabbaj. Kabbaj and Defendants have filed numerous other motions in this case. (D.I. 22, 32, 36, 40, 41, 44, 51, 52, 57, 62, 63, 65, 66, 67, 68, 70, 72). Most of the motions (D.I. 22, 32, 36, 40, 51, 52, 62, 65, 66, 67, 68, 70, 72) are moot, and will therefore be dismissed.

As to D.I. 41, Kabbaj moves to unseal exhibits and pleadings and, in particular, D.I. 37 and 38, which were previously sealed by the Court. The sealing of D.I. 37 was erroneous. It will therefore be unsealed. D.I. 38 will also be unsealed except as noted below. Subsequent to the filing of the motion to unseal, the Court sealed D.I. 53, which is 533 pages long. Having reviewed D.I. 53, it also appears that it should not have been sealed. Most of the contents of the sealed documents were publicly available prior to having been filed with the Court. Previous public availability, at least in the circumstances of this particular case and considering the documents at issue, indicates that the documents should not remain under seal. *See generally West Penn Allegheny Health Sys., Inc. v. UPMC*, 2012 WL 512681, *8-9 (W.D. Pa. Feb. 14, 2012). D.I. 38 contains irrelevant personal information.[8] Therefore, the Court will grant the motion to unseal as to D.I. 37, and will grant it as to a redacted copy of D.I. 38. The Court will also *sua sponte* unseal D.I. 53.

Since the Court is dismissing the case, the Court will grant the motion to quash

---

[8] Kabbaj includes the purported home addresses of two family members of former presidents of the United States. Thus, I will direct that the Clerk's Office redact from D.I. 38 the addresses that appear to belong to these two individuals.

7

third party subpoenas. (D.I. 57).

As to D.I. 63, the Motion Requesting Establishment of Procedure to Pursue Claims, it relates to C.A. No. 10-431-RGA, and not to this case. Therefore, it will be denied.

As to D.I. 44, Defendants' motion for contempt of court and for a further injunction, this appears to me to relate to C.A. No. 10-431-RGA too. Jurisdiction in that case was retained to enforce the terms of the settlement agreement. Therefore, the motion filed in this case will be denied.

At this juncture, the Court declines to impose the sanctions sought by Defendants. Kabbaj, however, is placed on notice that future complaints that name any of the Releasees and are filed without seeking permission pursuant to the process established in No. 10-431-RGA will be summarily dismissed. In addition, sanctions may issue should Kabbaj continue to file new complaints containing repetitive allegations and/or repetitive motions or motions in closed cases.